**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

SEP 26 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MARIA ESCOBAR AYALA; et al.,<br><br>            Petitioners,<br><br>  v.<br><br>MERRICK B. GARLAND, Attorney General,<br><br>            Respondent. | No. 21-45<br><br>Agency Nos.<br>A209-863-087<br>A209-863-088<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted September 12, 2023[**]

Before:    CANBY, CALLAHAN, and OWENS, Circuit Judges.

Maria Escobar Ayala and her daughter, natives and citizens of El Salvador, petition pro se for review of the Board of Immigration Appeals' ("BIA") order dismissing Escobar Ayala's appeal from an immigration judge's ("IJ") decision denying her applications for asylum, withholding of removal, and protection under

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings. *Conde Quevedo v. Barr*, 947 F.3d 1238, 1241 (9th Cir. 2020). We review de novo questions of law and claims of due process violations in immigration proceedings. *Lopez-Urenda v. Ashcroft*, 345 F.3d 788, 791 (9th Cir. 2003). We deny the petition for review.

We do not disturb the agency's determination that Escobar Ayala failed to establish she suffered harm that rises to the level of persecution. *See Nagoulko v. INS*, 333 F.3d 1012, 1016 (9th Cir. 2003) (persecution is "an extreme concept that does not include every sort of treatment our society regards as offensive" (internal quotation marks and citations omitted)); *see also Duran-Rodriguez v. Barr*, 918 F.3d 1025, 1028-29 (9th Cir. 2019) (record did not compel the conclusion that threats rose to the level of persecution); *Flores Molina v. Garland*, 37 F.4th 626, 633 n.2 (9th Cir. 2022) (court need not resolve whether de novo or substantial evidence review applies, where result would be the same under either standard).

Substantial evidence supports the BIA's determination that Escobar Ayala failed to establish a well-founded fear of future persecution because she did not demonstrate that she could not reasonably relocate within El Salvador. *See Akosung v. Barr*, 970 F.3d 1095, 1101 (9th Cir. 2020) (asylum unavailable if applicant can avoid persecution by relocating to another part of the applicant's

country of nationality and it would be reasonable to expect the applicant to do so).

Thus, Escobar Ayala's asylum claim fails.

In this case, because Escobar Ayala failed to establish eligibility for asylum, she failed to establish eligibility for withholding of removal. *See Zehatye v. Gonzales*, 453 F.3d 1182, 1190 (9th Cir. 2006).

To the extent Escobar Ayala raises a new proposed particular social group in her opening brief, the issue is not properly before the court because she failed to raise it before the BIA. *See* 8 U.S.C. § 1252(d)(1) (exhaustion of administrative remedies required); *see also Santos-Zacaria v. Garland*, 598 U.S. 411, 417-19 (2023) (section 1252(d)(1) is a non-jurisdictional claim-processing rule).

Substantial evidence also supports the agency's denial of CAT protection because Escobar Ayala failed to show it is more likely than not she will be tortured by or with the consent or acquiescence of the government if returned to El Salvador. *See Aden v. Holder*, 589 F.3d 1040, 1047 (9th Cir. 2009).

Escobar Ayala's claim the agency violated due process fails because she has not shown error. *See Padilla-Martinez v. Holder*, 770 F.3d 825, 830 (9th Cir. 2014) ("To prevail on a due-process claim, a petitioner must demonstrate both a violation of rights and prejudice.").

To the extent Escobar Ayala seeks review of the IJ's denial of her daughter's derivative asylum application, this claim is not properly before the court because

petitioners did not appeal the decision to the BIA. *See* 8 U.S.C. § 1252(d)(1); *see also Santos-Zacaria*, 598 U.S. at 417-19.

The temporary stay of removal remains in place until the mandate issues. The motion for a stay of removal is otherwise denied.

**PETITION FOR REVIEW DENIED**.